UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KHRYSTYNE HILL<br>1396 Villa Drive<br>South Euclid, Ohio 44121<br><br>    Plaintiff,<br><br>    vs.<br><br>NORMAN NOBLE, INC.<br>5504 Avion Park Drive<br>Highland Heights, Ohio 44143<br>    Please Serve:<br>    Statutory Agent CT Corporation<br>    System<br>    4400 Easton Commons Way Suite 125<br>    Columbus, OH 43219<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br><br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Khrystyne Hill, by and through counsel, and for her Complaint against Defendant Norman Noble, Inc. ("Norman Noble"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt manufacturing employees, including Plaintiff and other similarly-situated employees, for all time worked and overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's corporate headquarters are in Cuyahoga County at 5507 Avion Park Drive, Highland Heights, Ohio 44143, Defendant conducts business throughout this District and Division, and the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant was a corporation, organized and existing under the laws of the State of Ohio, and conduced business in Cuyahoga County, Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

12. Written consents to join this action as to Count One, as and when executed by other

individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Defendant Norman Noble manufactures products for the medical and aerospace industries and has manufacturing facilities in Highland Heights and Cleveland, Ohio.

14. Defendant employed Plaintiff as an hourly, non-exempt manufacturing employee (a quality control inspector) in its Highland Heights, Ohio manufacturing facility between October 6, 1997 and January 19, 2018.

15. Other similarly-situated employees were employed by Defendant as non-exempt manufacturing employees in Defendant's manufacturing facilities.

16. Defendant paid Plaintiff and other similarly-situated non-exempt manufacturing employees an hourly wage.

**(Failure to Pay for All Hours Worked)**

17. Plaintiff and other similarly-situated non-exempt employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: a) changing into and out of their uniforms and personal protective equipment, including but not limited to a shirt, pants, boots, glasses, a hard hat, glasses and/or hearing protection; b) walking to and from their assigned area of the production floor; and c) getting tools and equipment necessary to perform their production work.

18. The amount of time Plaintiff and other similarly-situated employees spent on this required and unpaid work amounted to approximately 30 minutes each day.

**(Failure to Pay For Donning Time)**

19. Before Plaintiff and other similarly-situated employees began their shifts, they donned uniforms, a shirt, pants, boots, glasses, a hard hat, glasses and/or hearing protection.

20. The time Plaintiff and other similarly-situated employees spent donning their uniforms and personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant and the Occupational Safety and Health Administration ("OSHA"), and was performed for Defendant's benefit in that it helped keep the production floor safe and sanitary, and helped promote a more safe and efficient manufacturing process.

21. Plaintiff and other similarly-situated employees were not paid for time spent donning their uniforms and personal protective equipment.

**(Failure to Pay For Postdonning Walk Time)**

22. After donning their uniforms and personal protective equipment, Plaintiff and other similarly-situated employees walked from the area in which they changed into personal protective equipment to the production floor. Such time constitutes "postdonning walk time."

23. Plaintiff and other similarly-situated employees were not paid for their postdonning walk time.

**(Failure to Pay for Time Spent Retrieving Tools)**

24. Before Plaintiff and other similarly-situated employees began their shift, they retrieve tools necessary to perform their job duties.

25. The time Plaintiff and other similarly-situated employees spent retrieving their tools was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit in that it allowed Plaintiff and other similarly-situated employees to perform their job.

### (Failure to Pay For Predoffing Walk Time)

26. After the end of their shifts, Plaintiff and other similarly-situated employees walked from the production floor to the area in which they changed out of their personal protective equipment. Such time constitutes "predoffing walk time."

27. Plaintiff and other similarly-situated employees were not paid for their predoffing walk time.

### (Failure to Pay for Doffing Time)

28. At the end of their shifts, Plaintiff and other similarly-situated employees doffed their personal protective equipment and uniforms.

29. The time Plaintiff and other similarly-situated employees spent doffing their uniforms and personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant, and OSHA, and was performed for Defendant's benefit in that it helped keep the manufacturing floor safe and helped promote a more safe and efficient manufacturing process.

30. Plaintiff and other similarly-situated employees were not paid for time spent doffing their personal protective equipment and uniforms.

### (Failure to Pay Overtime Compensation)

31. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

32. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### **COLLECTIVE ACTION ALLEGATIONS**

33. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

34. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current manufacturing employees of Norman Noble, Inc. between February 13, 2015 and the present.

35. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several hundred persons.

36. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

37. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **CLASS ACTION ALLEGATIONS**

38. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current manufacturing employees of Norman Noble, Inc. employed in the State of Ohio between February 13, 2015 and the present.

39. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

40. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to Plaintiff and other members of the class for hours worked in excess of 40 each workweek;
>
> (b) whether Defendant failed to properly compensate Plaintiff and other members of the class for donning time, postdonning walk time, time spent retrieving tools, predoffing walk time, and doffing time; and
>
> (c) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

41. The claims of the named Plaintiff Khrystyne Hill are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

42. Named Plaintiff Khrystyne Hill will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

43. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**
**(Fair Labor Standards Act Violations)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

47. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

48. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

49. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(Violations of Ohio Revised Code 4111.03)**

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek violated the OMFWSA, R.C. 4111.03.

52. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated manufacturing employees violated the OMFWSA, R.C. 4111.03.

53. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

54. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly-situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes she represents actual damages for unpaid wages;

D. Award Plaintiff and the classes she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the classes;

E. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Chastity L. Christy
Chastity L. Christy (0076977)
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Chastity L. Christy
One of the Attorneys for Plaintiff